FILED

2006 OCT 13 PM 4: 12

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                    Case No. 6:06-cr-77-Orl-28DAB

**RONNIE LEE MCNEIL**

---

## SENTENCING MEMORANDUM

After considering the advisory Guidelines, the Court has determined that adherence to 18 U.S.C. § 3553(a)(1-7) requires an upward variance in sentence outside the guideline range. The Court enters this Order, which is consistent with the reasoning announced orally at the sentencing hearing.

### 18 U.S.C. § 3553(a)(1-7)

1. *Nature of Circumstances of the Offense and Defendant's History and Characteristics – 18 U.S.C. § 3553(a)(1)*

Defense counsel admits that Defendant's offense "dips into the more egregious valleys" of this type of crime. This description is apt because Defendant's crimes involved theft from funds the United States had set aside for those victimized by storms of historic proportion that dealt monumental destruction to the country's Gulf Coast. The offenses took place at a time when the country was reeling from one of its worst natural disasters in modern history – a time when people were without food, shelter, medical attention, transportation – a time when families were torn asunder – a time when people did not have the means even to bury their dead – a time when

government at all levels could not adequately respond to the needs of its citizens. Under these circumstances, Defendant hatched his plan to defraud the United States Government of the meager resources it reserved to assist victims whose lives were turned upside down. The crime was perpetrated directly against the United States, but indirectly against Defendant's helpless and desperate fellow citizens.

Defendant also took advantage of those he assiduously recruited to participate in his scheme. Some were of marginal intelligence, some were young – one was a teenager with no prior criminal history who trusted the Defendant. Almost all of those lured into the scheme were poor. Though they participated in this scheme of fraud and have pled guilty, they too have been victimized by Defendant.

I have considered the facts contained in the Pre-sentence Report, which describes in detail the scope of Defendant's conduct. In all, he induced more than 20 other people to participate in his scheme, leading to the disruption of many lives. These are the circumstances of his offense.

As far as Defendant's history and characteristics are concerned, he has been convicted of 11 crimes, two of which are felonies. Five of these crimes involve misdemeanor traffic offenses – driving with a suspended license between 1998 and 2000. Even these misdemeanors, because they were repetitively committed, show a disrespect for the law.

Defendant's friends and family members speak kindly of Defendant and express surprise that he would engage in such conduct. He apparently is a good worker and he is capable of making an honest living, but instead, his efforts have been devoted to defrauding the Government and depriving others of funds to which they were entitled.

Defendants' character, to a certain extent, is reflected in the way he took advantage of the Government and others in the commission of his crime. On the whole, Defendant's history and character weigh against him – not for him.

2. *The Need for the Sentence Imposed – 18 U.S.C. § 3553(2)(A-D)*

The need for the sentence imposed is determined by the seriousness of the offense, promotion of respect for the law, the need for punishment, deterrence, and the needs of the defendant. A sentence of at least 50 months is necessary to promote respect for the law in this case. Given the sentences imposed against the other defendants in this case and the scope of Defendant's crimes, a sentence of less than 50 months would be unjust. It is important that the penalty in this case serve as a deterrence to crime in general, and that it also serve as a specific deterrence for crimes involving the theft of Government disaster relief funds. Furthermore, Defendant has consistently violated the law since 1990 and has only once been sentenced to a single month in confinement. This sentence will be a meaningful deterrence to further criminal conduct by this Defendant.

In imposing this sentence, I considered other sentencing options, but none are more appropriate with regard to the statutory purposes of sentencing. The public requires protection from Defendant's conduct. He is not in need of any special education or the services of a particular rehabilitation program.

3. *Sentencing Possibilities – 18 U.S.C. § 3553(a)(3), (4) & (6)*

The Court has considered other types of sentences available, but has concluded that no other sentence is appropriate. The Court has also considered the Government's 5K1.1 motion and recommendation. The motion was granted and Defendant's cooperation was considered in arriving at an appropriate sentence. In imposing this sentence, the Court has attempted to avoid any disparity "among other defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6). The Court has already described the unusual nature of this crime, which has been considered in arriving at an appropriate sentence.

4. *The Need to Provide Restitution – 18 U.S.C. § 3553(a)(7)*

Finally, the Court is aware that a large sum of restitution is due and that Defendant should commence payment as soon as possible. Restitution shall commence while Defendant is in prison. It is recognized that his ability to make restitution shall be enhanced when he commences his period of supervised release. Notwithstanding the adverse effect of imprisonment on Defendant's ability to pay restitution, incarceration is required as part of a sufficient sentence.

The sentence of 50 months is sufficient, but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

**DONE** and **ORDERED** in Orlando, Florida on this ___13___ day of October, 2006.

/s/ JOHN ANTOON II
United States District Judge

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
RONNIE LEE MCNEIL